# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KEVIN J. KOELEMIJ,**

    **Petitioner,**

**v.**                                                               **Case No. 4:21-cv-373-AW-ZCB**

**SECRETARY, DEP'T OF CORRECTIONS,**

    **Respondent.**

_____/

## ORDER DENYING § 2254 PETITION

Having carefully considered the matter de novo, I now adopt the report and recommendation (ECF No. 27) and incorporate it into this order. The objections (ECF No. 34) are overruled. The clerk will enter a judgment that says, "The § 2254 petition is denied." And because there has been no substantial showing of the denial of any constitutional right, a certificate of appealability is denied.

This case is not close. The petition presents two grounds, both of which are baseless. The petition, the reply, and the objections to the report and recommendation—all submitted by counsel—read as though this is Petitioner's state court direct appeal. Those papers cite state law and argue that the state trial court erred. They do little more than pay lip service to what matters here, which is whether the state courts' rulings (a) were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

1

of the United States" or (b) were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Rather than attempt to deal with the demanding standard for the extraordinary relief he seeks, counsel cut and pasted the argument from his state-court brief.[1] Aside from an occasional word change and the perfunctory recitation of the § 2254 standard, counsel's arguments here and on direct appeal in the First DCA are identical. *Compare* ECF No. 8-7 at 19-21 with ECF No. 4 at 12-13. It is the same argument about state law, citing the same state-law authorities, followed by a perfunctory recitation of the § 2254 standard.

Both grounds counsel asserted here were baseless, but I will address Ground Two in particular. The argument was that the state court violated Petitioner's federal constitutional rights by considering facts the jury did not find:

> Petitioner Koelemij had not been convicted of (1) any wrongdoing relating to R.C. or (2) making a threat to T.S. If the State believes that it can prove such charges against Petitioner Koelemij, then the State should file such charges and let a jury decide whether he is guilty. But the state trial court's sentence in the instant case should have been based *solely* on the charge for which Petitioner Koelemij was found guilty by the jury (sexual battery on T.S.). The state trial court should *not* have considered pending/uncharged conduct for which Petitioner Koelemij had not been convicted.

---

[1] The attorney bringing this § 2254 case handled the DCA appeal.

ECF No. 4 at 15. This argument—basically pasted from the DCA initial brief—is hopeless here. Federal law does not preclude consideration of uncharged conduct in sentencing.

It is settled as a matter of federal law that consideration of uncharged conduct is entirely permissible and does not violate due process or the Sixth Amendment. *See Williams v. People of State of N.Y.*, 337 U.S. 241, 247 (1949) (noting that a sentencing judge is not confined by the rules of evidence and must possess "the fullest information possible concerning the defendant's life and characteristics"); *see also United States v. Watts*, 519 U.S. 148, 152 (1997) (observing that a sentencing judge may even consider acquitted conduct).

Counsel cites no federal cases supporting the contrary proposition he argues. He instead cites the same handful of state cases he cited in his DCA argument. He also offered the same generic citation to the Constitution he provided the DCA: "As a result of the state trial court's consideration of these impermissible factors during the sentencing hearing, Petitioner Koelemij was denied his constitutional right to a fair sentencing proceeding. *See* U.S. Const. amends. V & XIV." ECF No. 4 at 16.

Counsel did add a new footnote with citations to federal decisions. This is that footnote, in its entirety:

> The Due Process Clause carries fundamental rights of notice to the defendant. First among these is the right to know the potential sanctions for criminal conduct. *See Calder v. Bull*, 3 Dall. 390 (1797). The requirement that defendants receive fair notice as a matter of due

3

> process under the Fifth Amendment is fundamental. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948). As explained by the Honorable Gilbert Stroud *Merritt in United States v. Silverman*, 976 F.2d 1502, 1527 (6th Cir. 1992), "[t]he due process violation occurs in the instant case because, at the time the plea must be entered, the defendant receives no notice of the additional crimes for which the court will enhance the defendant's sentence." (Merritt, C.J., dissenting).

ECF No. 4 at 15 n.9. Counsel thus has two cases for the general proposition that due process requires fair notice. (Those have no application here; there is no argument that Petitioner lacked notice that sexual assault can result in a fifteen-year sentence.) That leaves counsel to rely on a Sixth Circuit *dissent*—from a majority opinion that refutes his position. *See United States v. Silverman*, 976 F.2d 1502, 1511 (6th Cir. 1992) (en banc) (majority) ("It is the law that even illegally obtained or other inadmissible evidence may be considered by the sentencing judge unlike at a trial involving guilt or innocence. Such information, on the other hand, may not be admitted at trial concerning guilt or innocence because of Fifth and Sixth Amendment concerns. The long-established principle . . . is that the constitutional protections afforded defendants at a criminal trial, including confrontation rights, are not available at sentencing proceedings to limit the court's consideration of the background, character and conduct of the defendant." (citations omitted)).

Again, even if Petitioner's argument were colorable on direct appeal, we have a different standard here. Petitioner had to "show that the state court's decision is so obviously wrong that its error lies beyond any possibility for fairminded

4

disagreement." *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (cleaned up). One can't do that by citing a dissent.[2]

The bottom line is this: The petition never should have been filed. Whenever an attorney signs a filing, he is representing to the court that "to the best of [the attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that (among other things) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The Ground Two argument that *every* fair-minded jurist would agree that a sentencing judge cannot consider conduct for which a Defendant was not convicted, ECF No. 4 at 15, is frivolous. (The Ground One argument is frivolous, too, but I will not detail it here.)

Federal courts—like all courts—have limited resources. Every minute a court spends on a frivolous claim is a minute the court cannot spend on a potentially meritorious one. Counsel has a professional duty to not advance frivolous arguments. As a matter of discretion, the court will not enter an order sanctioning

---

[2] The petition also recites in Ground Two that that "the state courts' rulings are based on an unreasonable determination of the facts in light of the evidence presented in the proceeding." ECF No. 4 at 16. It never explains what unreasonable factual determination it references, and it certainly never rebuts the presumption of correctness by clear and convincing evidence. *See Thomas v. Attorney Gen.*, 992 F.3d 1162, 1188 (11th Cir. 2021).

Petitioner's counsel. But counsel should know that future frivolous filings will not be tolerated.

The clerk will close the file.

SO ORDERED on September 16, 2024.

s/ *Allen Winsor*
United States District Judge
